UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JAVIER QUIROZ AND JUANITA, QUIROZ | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | |
| METLIFE AUTO AND HOME INSURANCE AGENCY, INC.; METLIFE AUTO & HOME; METROPOLITAN LLOYDS, INC.; AND METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS, | § § § § § § § § | CIVIL ACTION NO.5:16-CV-307 |
| Defendants. | § § | Jury Requested |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Metropolitan Lloyds Insurance Company of Texas ("METROPOLITAN LLOYDS"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(a), files this Notice of Removal.

## I. INTRODUCTION

1.     This removal is based on diversity jurisdiction.  Plaintiffs Javier and Juanita Quiroz ("Plaintiffs") seek redress from Defendant METROPOLITAN LLOYDS and improperly joined attorney-in-fact METROPOLITAN LLOYDS, INC. ("MET LLOYDS, INC."), alleging breach of contract, breach of the duty of good faith and fair dealing, statutory violations under Chapter 541 of the Texas Insurance Code related to unfair settlement practices, statutory violations under the Texas Deceptive Trade Practices Act ("DTPA"), negligent misrepresentation, unjust enrichment, and declaratory relief related to Plaintiffs' right to recover underinsured motorist ("UIM") benefits under the subject METROPOLITAN LLOYDS' Policy, arising from an August 1, 2012 motor vehicle accident in Laredo, Webb County, Texas.

2.      Plaintiffs are now, and were at the time of removal, and at the time of the filing of the instant lawsuit, citizens of Texas.

3.      In contrast, Defendant METROPOLITAN LLOYDS is now, and was at the time of removal, and at the time of the filing of the instant lawsuit, an unincorporated association of underwriters which have associated together for the purposes of engaging in the business of insurance as permitted under Chapter 941 of the Texas Insurance Code, as amended. METROPOLITAN LLOYDS is neither a partnership, joint stock company, corporation, nor a quasi-corporation. METROPOLITAN LLOYDS is comprised of twelve (12) underwriters, all of whom reside in, and are citizens of, the Commonwealth of Massachusetts, the State of Illinois, or the State of Rhode Island and Providence Plantations.   METROPOLITAN LLOYDS is administratively headquartered in the City of Warwick, Kent County, State of Rhode Island and Providence Plantations.  For purposes of ascertaining whether the federal courts have diversity jurisdiction, an unincorporated association is considered to have the citizenship of its members. *Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993).

4.      Defendants MetLife Auto and Home Insurance Agency, Inc. and MetLife Auto and Home are not legal entities and therefore have no citizenship; rather, these entities are trade names for Metropolitan Property and Casualty Company, which has not been named, sued, or served as an independent party, because it has no contractual or other relationship with Plaintiffs. Thus, Plaintiffs cannot recover from Metropolitan Property and Casualty Company.  Moreover, even if they could, Metropolitan Property and Casualty Company is now, and was at the time of removal, and at the time of the filing of the instant lawsuit, a foreign corporation incorporated in the State of Rhode Island with its principal place of business in Warwick, Rhode Island.

5.      Defendant attorney-in-fact MET LLOYDS, INC., although not a proper party to this lawsuit, is a citizen of Texas. Defendant MET LLOYDS, INC.'s consent to this removal is

not required because it has been improperly joined. *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004).

6.      In addition, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.   In particular, Plaintiffs' Original Petition seeks monetary relief "in excess of $450,000.00."

7.      Defendant METROPOLITAN LLOYDS files its Notice of Removal within thirty days of service of Plaintiffs' Original Petition.   This action has been on file for less than one year.

## II. <u>GROUNDS FOR REMOVAL: DIVERSITY JURISDICTION</u>

### A.      **Diversity Jurisdiction Exists**

8.      Removal is proper because this lawsuit involves a controversy between citizens of different states.   Specifically, Plaintiff is now, and was at the time of removal, and at the time of the filing of the instant lawsuit, a citizen of Texas.   (Exh. 4, at para. 1).   In contrast, Defendant METROPOLITAN LLOYDS, is now, and was at the time of removal, and the time of the filing of the instant lawsuit, an unincorporated association of underwriters whose members reside in, and are citizens of, the Commonwealth of Massachusetts, the State of Illinois, or the State of Rhode Island and Providence Plantations.   *Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993) ("Royal is an unincorporated association that sells insurance under a so-called "Lloyd's plan."   For purposes of ascertaining whether the federal courts have diversity jurisdiction, an unincorporated association is considered to have the citizenship of its members.").

9.      Additionally, Defendants MetLife Auto and Home Insurance Agency, Inc. and MetLife Auto and Home are not legal entities and therefore have no citizenship; rather, these entities are trade names for Metropolitan Property and Casualty Company, which has not been

named, sued, or served as an independent party, because it has no contractual or other relationship with Plaintiffs. Thus, Plaintiffs cannot recover from Metropolitan Property and Casualty Company. Moreover, even if they could, Metropolitan Property and Casualty Company is now, and was at the time of removal, and at the time of the filing of the instant lawsuit, a foreign corporation incorporated in the State of Rhode Island with its principal place of business in Warwick, Rhode Island.

10.     Further, as discussed below, the in-state citizenship of Defendant attorney-in-fact MET LLOYDS, INC. is disregarded because it was improperly joined to defeat diversity. Thus, diversity of citizenship between the parties exists.

11.     In addition, the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. §§ 1332, 1441. Specifically, Plaintiffs allege that they seek monetary relief "in excess of $450,000.00." (Exh.4, at para. 16-17); *Wright v. Spindletop Films, L.L.C.*, 845 F. Supp. 2d 783, 787 (S.D. Tex. 2012) (Ellison, J.) ("Courts are to 'decide what the amount in controversy is from the complaint itself ...'") (citing *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961) ("The general federal rule has long been to decide what the amount in controversy is from the complaint itself ..."); *Trans-Net, Inc. v. Crawley*, 2008 WL 938374, *1 (S.D. Tex. 2008) (Miller, J.) ("In this case, [plaintiff] avers actual damages in excess of the jurisdictional minimum. [Plaintiff's] assertions are sufficient to support diversity jurisdiction."). Moreover, Plaintiffs' Original Petition claims that METROPOLITAN LLOYDS violated the Texas Insurance Code and the DTPA and seeks treble damages and attorney's fees. (Exh. 4, at para. 25-27, 29-30, 36-37); *see also Wofford v. Allstate Ins. Co.*, 2005 WL 755761, *2 (N.D. Tex. 2005) (considering treble damages under the Texas Insurance Code with regard to the amount in controversy). Accordingly, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**B.    Defendant Attorney-in-Fact MET LLOYDS, INC. Has Been Improperly Joined**

12.    With regard to Plaintiffs' claims against Defendant attorney-in-fact MET LLOYDS, INC., it is METROPOLITAN LLOYDS' position that MET LLOYDS, INC. has been improperly and/or fraudulently joined in this action to defeat diversity jurisdiction, and that MET LLOYDS, INC. citizenship should therefore be disregarded in determining this Court's subject matter jurisdiction.

13.    The doctrine of improper joinder, or fraudulent joinder,[1] ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity. *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009); *see also Trevino v. State Farm Lloyds,* 207 Fed. Appx. 422, 424 (5th Cir. 2006) (holding that attorney-in-fact for "Lloyd's plan" insurer was improperly joined to defeat diversity because attorney-in-fact merely acted as insurer's agent and had no contractual relationship with insured); *Dalton v. State Farm Lloyd's, Inc.*, 4 F.Supp.3d 859, 861, n. 1 (S.D. Tex. 2014) (same) (collecting cases); TEX. INS. CODE ANN. §§ 941.001, *et seq.*  Simply stated, an attorney-in-fact for a "Lloyd's plan" insurer, such as Defendant MET LLOYDS, INC., is, in effect, "the chief executive and managing agent of the enterprise ....:" *Royal Ins. Co.*, 3 F.3d at 882 (quoting *Grace v. Rahlfs*, 508 S.W.2d 158, 161 (Tex. Civ. App.—El Paso 1974, writ ref'd n.r.e.)).  "The attorney-in-fact does not bear risks, and has no contractual relationship with the insured, but [merely] acts as an agent for the Lloyd's group." *Martinez v. State Farm Lloyds*, 204 Fed. Appx. 435, 436 (5th Cir. 2005).

14.    Improper joinder is established by a defendant's showing of: (1) actual fraud in the pleading of jurisdictional facts, or (2) an inability of the plaintiff to establish a cause of action

---

[1] Fifth Circuit prefers the term "improper joinder" because it is more consistent with the statutory language of 28 U.S.C. §§ 1141 and 1332.  *See Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 571 n.1 and 572-73 (5th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 992, 125 S.Ct. 1825, 161 L.Ed.2d 756 (2005).

against the non-diverse party in state court. *Smallwood*, 385 F.3d at 573. The test for improper joinder under the second basis is a showing by the removing defendant that there is no possibility of recovery by the plaintiff against the in-state defendant, or in other words, that "there is no reasonable basis for the court to predict that the plaintiff might be able to recover against the in-state defendant." *Id.* A "reasonable basis" means more than a mere "theoretical possibility" that such a claim could exist. *See Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003) (explaining that the terms "no possibility" of recovery and no "reasonable basis" for recovery have essentially identical meanings and holding that pleadings must show more than "any mere theoretical possibility of recovery"); *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999) ("whether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiff's allegations and the pleaded theory of recovery").

15.    In determining whether a plaintiff has a "reasonable basis" for recovery under state law, the Court may "conduct a Rule 12(b)(6)-type analysis" of the plaintiff's pleading to decide whether the allegations state a claim against the in-state defendant under state law, or the Court may conduct a summary judgment-type inquiry to identify discrete and undisputed facts that would preclude recovery. *Smallwood*, 385 F.3d at 573.

16.    In conducting a Rule 12(b)(6) analysis of the plaintiff's pleading, the Court must first determine whether it is appears from the petition that the plaintiff actually intended to sue the non-diverse defendant, *i.e.*, whether "the record ... supports any inference that the [plaintiff] intended to actively pursue claims" against the non-diverse insurance agent. *Griggs*, 181 F.3d at 699. Factors for the Court to consider include whether the defendant-agent is merely minimally mentioned, whether any actionable claims are specifically alleged against it, and whether the non-diverse defendant was ever served with process. *Griggs*, 181 F.3d at 699. Conclusory allegations are wholly insufficient. *Id.* The failure to specify a legal and factual basis for a claim

against a non-diverse insurer's agent or, as in this case, an attorney-in-fact for a "Lloyd's plan" insurer under Chapter 941 of the Texas Insurance Code, constitutes a failure to state claim against the non-diverse party and results in improper joinder of that party—as a matter of law.. *Trevino*, 207 Fed. Appx. at 424; *Dalton*, 4 F.Supp.2d at 861 and n.1 (collecting cases).

17.     Plaintiffs' Original Petition fails to allege any specific facts establishing an actionable claim against attorney-in-fact MET LLOYDS, INC.; rather, the petition asserts only conclusory and global allegations against all "Met Life" entities, including MET LLOYDS, INC., related to their alleged failure to provide Plaintiffs UIM benefits under the METROPOLITAN LLOYDS' Policy.   (Exh. 4, at para. 18).   Plaintiffs fail to assert any actionable state law claim against MET LLOYDS, INC.

18.     METROPOLITAN LLOYDS is a "Lloyd's plan" insurer under Chapter 941 of the Texas Insurance Code. *See* TEX. INS. CODE ANN. §§ 941.001, *et seq.*   Under Texas law, a "Lloyd's plan" insurer "consists of a group of underwriters who join together to issue insurance through an attorney-in-fact or other representative." *Royal Ins. Co.*, 3 F.3d at 882.   Pursuant to statute, the group must appoint a Texas resident as the attorney in fact, who acts as the group's agent in the state. *Id.; see also* TEX. INS. CODE ANN. §§ 941.051-052.   The attorney-in-fact is authorized to bind the association to contracts through a Certificate of Authority, but it is not a member of the group of underwriters. *Royal Ins. Co.*, 3 F.3d at 882; TEX. INS. CODE ANN. §§ 941.101-103.   An attorney-in-fact does not issue or otherwise service "Lloyd's plan" policies, nor does it adjust claims under such policies.   In other words, an attorney-in-fact—here, MET LLOYDS, INC.—merely exists to hold a Certificate of Authority for a "Lloyd's plan" insurer— here METRPOLITAN LLOYDS—so that the diverse association of underwriters can conduct the business of insurance in Texas, as authorized and mandated by Texas statute.

19.     The Fifth Circuit and Texas federal district courts, including courts in this district,

have consistently held that the citizenship of a non-diverse attorney-in-fact is disregarded for purposes of determining whether complete diversity exists. *See, e.g., Trevino*, 207 Fed. Appx. at 424 (holding no recovery from attorney-in-fact for breach of contract, breach of the duty of good faith and fair dealing, or violations of the Texas Insurance Code and the DTPA and that attorney-in-fact was improperly joined to defeat diversity); *Dalton*, 4 F.Supp.3d at 861 and n. 1 (collecting cases); *Bell v. State Farm Lloyds*, 2014 WL 3058299, *2 (N.D. Tex. July 7, 2014) (holding attorney-in-fact for State Farm "Lloyd's plan" insurer was improperly joined to defeat diversity as the citizenship of same "is irrelevant for determining the Lloyd's organizations' citizenship"); *Banuelos v. Allstate Texas Lloyds*, 2012 WL 3598270, *1 (W.D. Tex. Aug. 20, 2012) (holding that because attorney-in-fact for Allstate "Lloyd's plan" insurer did not issue subject policy it was not a "real party in interest" for purposes of diversity jurisdiction).

20.     Plaintiffs have absolutely no "reasonable basis" for recovery from MET LLOYDS, INC. in this UIM lawsuit.  Plaintiffs have failed to allege any specific facts establishing an actionable claim against MET LLOYDS, INC., whether grounded in contract or tort. Plaintiffs have alleged no facts supporting a finding that MET LLOYDS, INC. "exceeded [its] authority under the agency agreement" with METRPOLITAN LLOYDS with regards to Plaintiffs' breach of contract claim. *Trevino*, 207 Fed. Appx. at 424 (citing *French v. State Farm Ins. Co.*, 156 F.R.D. 159, 162 (S.D. Tex. 1994)).  Plaintiffs' claim for breach of the duty of good faith and fair dealing also fails because this duty only extends to the insurance company and not its agents. *Id.* (citing *Natividad v. Alexis, Inc.*, 875 S.W.2d 695, 696 (Tex. 1994)).  Plaintiffs' claims for violations of the Texas Insurance Code and the DTPA equally fail because Plaintiffs have failed to allege any specific facts to support the conclusion that MET LLOYDS, INC. performed any prohibited activities under these statutory provisions. *Trevino*, 207 Fed. Appx. at 424.  Finally, Plaintiffs have failed to allege any specific facts to support their claims of

negligent misrepresentation or unjust enrichment as to MET LLOYDS, INC.  In other words, Plaintiffs' petition fails to make the required "factual fit between [their] allegations [against MET LLOYDS, INC.] and the pleaded theory of recovery." *Griggs*, 181 F.3d at 701.

21.     For the reasons stated above, MET LLOYDS, INC. has been improperly joined to defeat diversity and its presence in the case should therefore be disregarded in the Court's determination of whether complete diversity exists.

**C.     Removal Is Timely**

22.     Defendant METROPOLITAN LLOYDS was served with a copy of Plaintiffs' Original Petition on September 20, 2016.  (Exhs. 3, 5 ).  METROPOLITAN LLOYDS files this Notice of Removal within thirty days after service.  28 U.S.C. § 1446(b)(1).  In addition, the suit has been pending for less than a year.  Therefore, removal of this action is timely.

### III.  COMPLIANCE WITH REMOVAL PROCEDURES

23.     Attached to this Notice of Removal as Exhibits 1 through 8 are the following documents required by 28 U.S.C. § 1446(a) and S.D. TEX. LOC. R. 81 (these documents are hereby incorporated by reference in all respects):

> A.     Civil Cover Sheet;
>
> B.     Defendant's Index of Documents:
>
> 1.     Copy of State Court Docket Sheet, as of October 19, 2016
>
> 2.     Plaintiffs' Original Petition, filed August 1, 2016;
>
> 3.     Citation issued to METROPOLITAN LLOYDS on September 14, 2016;
>
> 4.     Return of Service for METROPOLITAN LLOYDS, served September 20, 2016, filed September 27, 2016;
>
> 5.     Defendant METROPOLITAN LLOYDS' Original Answer, filed October 6, 2016;

6.     List of All Counsel of Record, including addresses, telephone number, and parties represented.

24.     Venue is proper in this district pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the Southern District of Texas, Laredo Division, embraces Webb County, Texas, where the state court action was filed and is currently pending.  28 U.S.C. § 124(c)(6).  Specifically, Plaintiffs filed suit in the 49th Judicial District Court of Webb County, Cause No. 2016CVT002066.

25.     METROPOLITAN LLOYDS will immediately file a copy of their Notice of Removal with the clerk of the state court in which the state court action is pending.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Metropolitan Lloyds Insurance Company of Texas requests that this action be immediately and entirely removed upon filing of this Notice of Removal to the United States District Court for the Southern District of Texas, Laredo Division, and for such other and further relief to which it may be justly entitled.

Respectfully submitted,

*/s/ Sandra Sterba-Boatwright*
Sandra Sterba-Boatwright
Federal I.D. No. 6857
State Bar No. 19169400
Rebecca R. Kieschnick
Federal I.D. No. 0352
State Bar No. 21566900

ATTORNEY-IN-CHARGE FOR
DEFENDANT, METROPOLITAN LLOYDS
INSURANCE COMPANY
OF TEXAS

OF COUNSEL:

DONNELL, ABERNETHY& KIESCHNICK, P.C.
555 North Carancahua, Suite 1770 (78401-0853)
Post Office Box 2624
Corpus Christi, Texas  78403-2624
Telephone No.:   (361) 888-5551
Telecopier No.:  (361) 880-5618

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded Electronically and/or by Telecopier, to the parties listed below, on this the 19th day of October, 2016.

Ricardo E. Morales
Person, Whitworth, Borchers & Morales, L.L.P.
P.O. Drawer 6668
602 East Calton Rd.
Laredo, Texas  78402-6668

*/s/ Sandra Sterba-Boatwright*
Sandra Sterba-Boatwright

O:\ATTYS\ssb\Cases\Quiroz\Notice of Removal (2).doc